ELIZA M. FISHER *et al.*

*v.*

JANE G. PATTERSON.

*Opinion filed June 19, 1902.*

EQUITY—*when bill to compel the return of stolen house cannot be maintained.* Where the house upon premises sold on foreclosure is unlawfully removed to other lots in the neighborhood without the consent of the purchaser at foreclosure, a grantee of the latter, with full knowledge of the facts, cannot, after a delay of some two and one half years, and after the lots to which the house was attached have become the property of an innocent purchaser, maintain a bill to compel return of the house and payment of rent after removal, or to establish a lien upon the defendant's property for the value of the house and for rent after removal.

*Fisher* v. *Patterson,* 99 Ill. App. 70, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

JOHN J. SYMES, for appellants.

JESSE A. & HENRY R. BALDWIN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county sustained appellee's demurrer to appellants' bill in equity, filed in said court against the appellee, and dismissed the bill. The Branch Appellate Court for the First District affirmed the decree.

The material facts alleged in the bill and admitted by the demurrer are as follows: Prior to the month of March, 1897, the complainant Eliza M. Fisher, a resident of the State of New York, became the owner of a certificate of sale of certain lots in Cook county, dated February 24, 1896, and executed by George Mills Rogers, a

master in chancery of the circuit court of said county, upon a sale of said lots under a decree for the foreclosure of a trust deed. The lots were sold for $1810.48, and the certificate recited that the holder would be entitled to a deed if the premises were not redeemed according to law within fifteen months from the day of sale. When the trust deed was executed, and at the time of the decree and sale, there was on one of the lots a frame house one and a half stories high, containing about six rooms, valued at about $1500, and attached to the premises as a part thereof. The house remained on said lot when complainant Eliza M. Fisher became the owner of the certificate, and it was still there some time in the month of March, 1897. The complainant Benjamin R. DeYoung was the agent of Eliza M. Fisher in the management of said property and of her interests in Cook county, and in the month of May, 1897, he discovered that the house had been moved from said premises across an alley, about two hundred feet from its former location, upon two other lots in the same block, to which it had been annexed as a part of the realty. The lots on which the house had been moved were then owned by Henry H. Hayes, and the house had been raised and another story built under it in its new location. The house was removed without the knowledge or consent of either Eliza M. Fisher or Benjamin R. DeYoung, her agent, and they did not know, and have not been able to ascertain, who removed it or caused it to be removed, although they made strenuous and diligent efforts to discover such person and attempted a criminal prosecution for the removal, but were unable to obtain evidence sufficient to secure a conviction. The removal of the house depreciated the value of the property from which it was taken. The period for redemption expired and no redemption was made, and Eliza M. Fisher became entitled to a deed on May 24, 1897. The master in chancery, on June 15, 1897, conveyed the lots described in the certificate to Eliza M. Fisher, and the

house was not then on the premises. Eliza M. Fisher held the title until April 10, 1898, when she conveyed the lots to Benjamin R. DeYoung in consideration of $1810.48, and he executed a trust deed of the premises to the complainant Miles Almy to secure the payment to Eliza M. Fisher of $1200, part of the purchase price. It was agreed between them that the purchase price should include the value of the house, and if it should be returned to the premises the title should vest in DeYoung, subject to the lien of the trust deed, or if the value of the house and the rents should be recovered, the amount should be credited on his note for $1200 secured by the trust deed. The original bill was filed by Benjamin R. DeYoung alone, on December 7, 1899, more than two and a half years after he and Eliza M. Fisher knew that the house had been removed and had become a part of the larger house in the new location, and when that bill was filed the title to the lots of which the house had become a part had passed to defendant, Jane G. Patterson. The amended bill, in which Eliza M. Fisher and Miles Almy, the trustee, were joined as complainants, was filed February 3, 1900. The prayer of the amended bill was that the defendant, Jane G. Patterson, be required to return the house to its former location and re-attach it to the soil in its former condition and account for the rents since its removal, or that an accounting should be taken of the value of the house and the rents since removal and she be required to pay the same, and that a lien in the nature of a mortgage should be declared in favor of the complainant Eliza M. Fisher, or such other complainant as the court might direct, upon the property of the defendant where the house was located, for the value of the same and the rents thereof.

If Eliza M. Fisher had known of the intended removal of the house from the premises for which she held the certificate of sale she might have secured an injunction against such removal. As she did not know that the

removal was contemplated she had no opportunity to secure an injunction. When she learned of the removal the house had been permanently annexed to the lots of Henry H. Hayes, so that an action for its recovery as personal property would not lie, and as she could not learn who made or authorized the removal, she could not bring a personal action for the injury to the lots by the removal. Perhaps the circumstances might have justified establishing an equitable lien upon the property which had been enhanced in value by the addition of the house, or that equity could have afforded a remedy against the owner of the premises; but this appeal to a court of equity was made after the lapse of more than two and a half years, when the title to the property had changed, and against a party who acquired it in good faith, without any notice of any secret lien upon it or claim against it. The defendant, Jane G. Patterson, had then bought the premises, so far as appears, in entire good faith, without any actual or constructive notice of any claim of either complainant, and it is conceded that she is to be treated as an innocent purchaser. The value of the premises was not increased while she owned them by the addition of the house, but she bought the premises with the house on them and paid for the whole. For aught that appears, her purchase was two and a half years after the premises were improved and the house made a part of the new structure. Benjamin R. DeYoung had known from May, 1897, up to his purchase, April 10, 1898, that there was no house on the premises. According to the bill he was to have the house if it could be recovered, or the proceeds of this litigation, but he gave no notice of his claim to the house or a lien upon the property for a year and eight months after his purchase, and in the meantime the property passed to an innocent purchaser. Whatever right Eliza M. Fisher might have had in an action at law for stolen property in the hands of an innocent purchaser for value, or upon prompt appeal to a

court of equity, we know of no principle of equity upon which an equitable lien in favor of complainants against the property of the defendant can be upheld or a personal liability be imposed on her, under the circumstances alleged in the bill.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*